Arthur KNIGHT, a minor under the age of 21 years, by his mother, Mildred Knight; Oscar Gonzalus, a minor under the age of 21 years, by his mother, Esperanza Martinez; Altamese Washington, a minor under the age of 21 years, by her mother, Altamese Washington; Marcine Chestnut, a minor under the age of 21 years, by her mother, Lora May Chestnut; Joel Barry Shiggs, a minor under the age of 21 years, by his mother, Louise Gaskin; Jacqueline Andrews, a minor under the age of 21 years, by her mother, Essie Andrews; on behalf of each and on behalf of all others similarly situated, more specifically all students dismissed from Franklin K. Lane High School on or about January 27, 1969, Plaintiffs,

v.

THE BOARD OF EDUCATION OF THE CITY OF NEW YORK; Morton H. Selub, Principal, Franklin K. Lane High School; Edwin Dannen, District Supervisor, East New York High School District; Elizabeth C. O'Daly, District Superintendent, District 19; Dr. Bernard Donovan, Superintendent of Schools of the City of New York; and John Doar, President of the Board of Education of the City of New York, Defendants.

No. 69–C–326.

United States District Court
E. D. New York.
April 30, 1969.

See also D.C., 48 F.R.D. 108.

Burt Neuborne, New York Civil Liberties Union, Leah Marks, New York City, Citizens Committee for Children, Lawrence H. McGaughey, Brooklyn, N. Y., Brooklyn Legal Services Corporation "A", for plaintiffs.

J. Lee Rankin, Corp. Counsel of the City of New York, New York City, for defendants.

REVISED FINDINGS OF FACT AND LAW: PRELIMINARY INJUNCTION

WEINSTEIN, District Judge.

The Court, having read the complaint, order to show cause, and supporting affidavits, having heard the testimony of

students, parents, teachers and Dr. Kenneth Clark, an expert on education, having heard the defendants, Morton H. Selub, Principal, Franklin K. Lane High School; Edwin Dannen, District Supervisor, East New York High School District; and Elizabeth C. O'Daly, District Superintendent, District 19, having heard David A. Brown, Coordinator of All Special Educational Projects, District 19, Brooklyn, who is directly in charge of the Annex to the Franklin K. Lane High School, having read the report of the Court-appointed panel of educational experts, Dr. Richard Trent, Dr. Mabel Smythe, and Dr. Irving Anker, on the operation of the Franklin K. Lane Annex, and having heard argument, makes the following findings and issues the following preliminary injunction.

## FINDINGS OF FACT FOR PURPOSES OF PRELIMINARY INJUNCTION ONLY

1. Plaintiffs were denied notice and an opportunity to be heard before being transferred from the register of Franklin K. Lane High School to the rolls of the Attendance Bureau of the Board of Education of the City of New York; a number of plaintiffs were substantially prejudiced by this denial; and their opportunity to continue full-time high school education was seriously interrupted.

2. This transfer from the rolls of Franklin K. Lane High School was, in a number of instances, a *de facto* discharge from the high schools operated by the defendant, the Board of Education of the City of New York, since full day-time education in high schools of the City of New York has not been made available to a substantial number of members of the plaintiff class.

3. Assignment to the Annex of Franklin K. Lane High School as presently constituted is not a satisfactory substitute for full day-time education in a high school of the City of New York.

4. A substantial number of members of the plaintiff class who desire to be afforded the opportunity for full daytime education in high schools in the City of New York require remedial education to overcome the educational losses suffered during the period when they were denied access to high school.

5. The individual defendants, Morton H. Selub, Principal, Franklin K. Lane High School; Edwin Dannen, District Supervisor, East New York High School District; and Elizabeth C. O'Daly, District Superintendent, District 19, were responding to the orders of superiors and to pressures beyond their control in making the decisions which led to the denial of notice and an opportunity to be heard to members of the plaintiff class. Their decisions were approved by the highest authorities in the City of New York and the Board of Education, including representatives of the Mayor and the Board of Education; at the time students were separated from the register of Franklin K. Lane High School and transferred to the register of the Bureau of Attendance, the individual defendants had been promised by higher authorities in the Board of Education and the City of New York that all members of the plaintiff class who might wish to be transferred to a full day-time high school would be so transferred; and this promise was not kept.

6. The decision to separate members of the plaintiff class from the rolls of the Franklin K. Lane High School was made at a time when there were serious threats of bodily injury to students and faculty at Franklin K. Lane High School, when the teachers were threatening a work-stoppage because of the physical dangers they faced and their inability to carry on proper educational programs, and when it was impossible to maintain discipline and control at the school because of overlapping schedules, extreme overcrowding and widespread truancy.

7. Part of the disorganization at Franklin K. Lane High School resulted

from disruptions which occurred in the Fall term of 1968 during the teachers' strike, student demonstrations and an influenza epidemic.

8. There is no record of any violence by members of the plaintiff class; their records did show unexcused absences of more than thirty days and failures in all courses, or all but one course, in the fall of 1968, but these records have been shown to be incorrect in some instances.

9. The basic difficulty at Franklin K. Lane High School, and the reason the promises to the individual defendants to make available space in other high schools were not met, was that there were insufficient educational facilities made available to the individual defendants and others responsible for the operation of individual high schools in the Borough of Brooklyn and throughout the City of New York.

## CONCLUSIONS OF LAW FOR PURPOSES OF PRELIMINARY INJUNCTION ONLY

1. Members of the plaintiff class were denied their constitutional right to due process under the Fourteenth Amendment of the United States Constitution.

2. Responsibility for the violation of the plaintiffs' constitutional rights rests upon the Board of Education of the City of New York and officials of the City and State who are not named defendants; they failed to provide educational resources adequate to meet the statutory and constitutional responsibilities of those charged with the operation of Franklin K. Lane High School.

3. No denial of equal protection of the laws has been shown.

## PRELIMINARY INJUNCTION

It is ordered, adjudged and decreed:

1. All members of the plaintiff class who desire to receive full day-time education in a high school of the City of New York shall be forthwith admitted to Franklin K. Lane High School or another appropriate High School in the City of New York.

2. The Annex of Franklin K. Lane High School shall be considered an appropriate full day-time high school provided:

(a) No member of the plaintiff class assigned to Franklin K. Lane High School Annex shall be required to spend more than 30 academic days or ten successive academic days, whichever condition is first met, at the Annex; a school day is an academic day when the student attends without being late.

(b) The operation of the Franklin K. Lane High School Annex shall be modified to provide more adequate instruction; students shall be permitted to take home textbooks, and shall receive homework assignments, regular tests and marks.

3. So far as is practicable, each member of the plaintiff class who requests admission to a high school shall be placed in the program and grade he would have been in had he not been removed from the rolls of Franklin K. Lane High School; where necessary, periods of remedial work shall be assigned during the school day in addition to the regular program; after-school tutorial classes shall be arranged; and intensive guidance and psychological services shall be offered.

4. All members of the plaintiff class who were on the rolls of the Bureau of Attendance more than 15 school days after January 27, 1969 shall be afforded the right to attend a summer make-up high school program provided by the Board of Education.

5. A copy of the preliminary injunction shall be mailed to each member of the plaintiff class by the Board of Education within 24 hours.

6. Any member of the plaintiff class who feels aggrieved by a failure of the Board of Education to comply with the terms of this decree may seek a hearing before a Masters Committee of Educa-

tional Experts appointed pursuant to Rule 53 of the Federal Rules of Civil Procedure.

(a) The Committee shall be composed as follows: the Chairman shall be Dr. Richard Trent, Associate Professor of Education at Brooklyn College; the member appointed by plaintiffs shall be Dr. Mabel Smythe, High School Coordinator, New Lincoln School; and the member appointed by defendants shall be Dr. Irving Anker, Assistant Superintendent of Schools, Board of Education of the City of New York.

(b) The party aggrieved shall state in a petition mailed to the Court the nature of his grievance and facts to support it.

(c) The petition shall be referred by the Court to the Chairman of the Committee who shall, upon 48 hours notice, by mail or telephone as he shall direct, to the other members of the Committee, the party aggrieved, and the Board of Education, set a time and place for a hearing.

(d) The Committee shall not meet without the Chairman being present; and the Chairman and any other one member may act.

(e) Every hearing conducted by the Committee shall be recorded; the Chairman is authorized to engage appropriate stenographic assistance to record any hearing.

(f) As soon as the hearing is completed the Committee shall present in writing to the Court its findings of fact and recommendations, furnishing a copy to the party aggrieved and to the Board of Education; in view of the need for speed, each party shall have three days (rather than the ten days provided in Rule 53(e) (II) of the Federal Rules of Civil Procedure) after the report is filed with the Court to object or make additional suggestions before the Court enters an appropriate order.

(g) Each member of the Committee shall keep detailed records of the time and expenses incurred in connection with his work on this matter and shall submit them to the Court periodically, but no less frequently than once a month, with a copy to the Board of Education; the Board of Education shall have ten days after filing of any statement to object.

(h) Upon the order of the Court confirming or modifying the expense account, the Board of Education shall promptly pay expenses approved by the Court; and expenses are to be treated as costs in this action to abide the event.

So ordered.